IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DANIEL DARNELL CUMBO, Debtor**

    **Appellant,**

    v.                                                         CIVIL ACTION NO. 2:06cv97

**W. CLARKSON McDOW, Jr., Trustee**

    **Appellee.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is the appeal of Daniel Darnell Cumbo ("Debtor" or "Appellant") from the United States Bankruptcy Court's Order which dismissed Debtor's case and enjoined Debtor from filing any case for 365 Days ("Dismissal Order").  For the reasons given below, the Court **AFFIRMS** the United States Bankruptcy Court's Dismissal Order.

**I. FACTUAL AND PROCEDURAL HISTORY**

Daniel Darnell Cumbo has filed eleven (11) bankruptcy cases, (his eleventh bankruptcy case, *pro se* on September 8, 2005), since 1987.  On February 10, 1987, Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 87-20341.  This case was discharged on September 8, 1987.  On August 2, 1989, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 89-22881.  This case was discharged on April 2, 1991.  On August 2, 1991, Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 91-24450.  This case was discharged on November 20, 1991.  On March 9, 1993, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 93-21240.  This case was dismissed on May 7, 1993, for failure to commence payments in a Chapter 13 plan.  On July 23, 1993 Appellant filed

a petition for relief under Chapter 11 of the United States Bankruptcy Code, Case No. 93-23769. This case was dismissed February 2, 1994 with prejudice on the motion of the U.S. Trustee. On June 7, 1995, Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 95-22954. This case was dismissed on July 31, 1997 with prejudice on the motion of the U.S. Trustee. On July 31, 1997, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 97-25612. This case was dismissed on August 20, 1997. On March 24, 1999, Appellant filed a Chapter 7 petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 99-22-11. This case was discharged on July 8, 1999. On May 17, 2004, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 04-73163. This case was dismissed on July 21, 2004 for failure to pay filing fee in installments.

On December 10, 2004, Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 04-77117. The Bankruptcy Court issued a Notice to Show Cause directing Appellant to show cause why he should not be held in contempt or otherwise sanctioned for his failure to appear at the meeting of creditors. The court found that Appellant was not fulfilling his duties in good faith. The court dismissed the case with prejudice and enjoined Appellant from filing any case under any chapter in any jurisdiction of the United States for a period of 180 days from March 1, 2005.

On September 8, 2005, Appellant filed the instant suit, a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 05-74955. Appellant did not timely pay the filing fee in installments, and the court issued a Notice to Show Cause on November 23, 2005.

The United States Trustee[1] filed and served upon Appellant a Response to the Notice to Show Cause on December 9, 2005. On December 22, 2005 a hearing was held on the Notice to Show Cause. Appellant appeared *pro se*. At the commencement of the hearing the court dismissed the case and imposed a bar to Appellant filing for 365 days. On December 23, 2005 the court issued a written order which was entered on December 27, 2005. The court's order found that "[t]he evidence today of the long history of [Appellant's] efforts in this court convince the Court that he is not proceeding in good faith. The Court must judge not just the circumstances of this last filing, but of the extensive track record of failed attempts to obtain [relief] from this Court." (Order Dismissing Case with Prejudice Dec. 23, 2005.) Appellant filed a Notice of Appeal on January 3, 2006, and the appeal was docketed on September 29, 2006. The Trustee has responded. This matter is now ripe for adjudication.

## II. LEGAL STANDARDS

On an appeal from the Bankruptcy Court, the District Court applies one of two standards of review. A bankruptcy court's findings supporting dismissal of a bankruptcy petition are factual determinations. As to findings of fact, the district court must apply the clearly erroneous standard of review. *See Travelers Ins. Co. v. Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). As to conclusions of law, the district court applies the *de novo* standard of review. *See*

---

[1] The United States Trustee is charged with monitoring and supervision the administration of cases commenced under the Bankruptcy Code. 11 U.S.C. §307.

*Perlow v. Perlow*, 128 B.R. 412, 414 (E.D.N.C. 1991). If the appellate court considers a ruling over which the Bankruptcy Court exercised its discretion under the Bankruptcy Code, that finding is reviewed under an abuse of discretion standard. *In re Suthers*, 173 B.R. 570, 572 (W. D. Va. 1994); *In re Jackson*, 190 B.R. 808, 810 (W.D.Va. 1995).

### III. DISCUSSION

In Appellant's statement of issues he argues that the court did not properly consider evidence of his filing history in his Notice to Show Cause determination. Specifically, Appellant notes three issues that should be considered on appeal:

> 1. whether the evidence was sufficient to support the finding of the Court that warranted the Court finding that The DEBTOR missed his 341 Hearing in November without proper justification.
>
> 2. Whether the court was justified in dismissing the Petition for a filing in bankruptcy due to bad faith.
>
> 3. Whether the Court violated the Debtor's constitutional rights to file bankruptcy in this particular case due to bad faith.

Appellant's Statement of Issues filed January 13, 2006 (emphasis in original).

Appellant's Brief in support of his appeal included the following issues:

> 1. Whether the court erred in allowing the introduction of matter not cited in the interim trustee's notice of show cause to be introduced as evidence in the hearing on December 22, 2005.
>
> 2. Whether the court should have dismissed the proceedings for good cause shown without giving the debtor an adequate oportunity (sic) to address the evidence raised in the docket entries from 1987-2004.

(Appellant's Brief filed March 21, 2006).

As a preliminary matter, the Court must first determine the specific issues considered on

appeal. Under Federal Bankruptcy Rule 8006, the appellant shall file with the clerk and serve on the appellee a statement of the issues to be presented. *See In re Startec Global Commc'ns Corp.,* 300 B.R. 244, 249 (D. Md. 2003). An issue not listed pursuant to Rule 8006 and not inferable from the issues listed is deemed waived and will not be considered on appeal. *Id.* Moreover, a three part test has been employed to determine if an issue is inferable. An issue not listed in the Rule 8006 Issue Statement is inferable under the following circumstances: (1) the issue must have been raised in the bankruptcy court because an appellate court generally will not consider issues not adjudicated below; (2) the issue must not require the court to make any independent factual findings; and (3) the issue must present no surprise to the other litigant. *See In re Bracewell,* 322 B.R. 698, 701 (M.D. Ga. 2005) (collecting cases). Appellee argues that Appellant raised two new issues in his March 21, 2006 Brief which are waived because they are not inferable from the issues set forth in the January 13, 2006, Statement of Issues. Appellee also argues that the issues have an element of surprise not previously contemplated.

As mentioned, the first issue raised in Appellant's Brief is whether the court erred in allowing the introduction of matter not cited in the interim trustee's Notice to Show Cause to be introduced as evidence in the hearing. Specifically, Appellant argues that the Bankruptcy court erred in admitting and considering evidence of his prior petitions for relief in its adjudication of the Notice to Show Cause over his objection[2]. Appellant argues that only the issue of the filing fee and his attendance of the adjourned meeting of creditors was before the court. This issue is

---

[2]Appellant argues that at the Show Cause hearing he objected to admission of the United States Trustee's offering of exhibits consisting of docket reports of Appellant's prior cases, protions of the Appellant's Schedule E from his prior cases and a copy of an order dismissing Case No. 04-77117 with prejudice. However, the record shows Appellant did not voice any such objection.

inferable from the general issue raised in Appellant's Statement of Facts because it addresses the same primary concern: generally, whether the Bankruptcy court violated the debtor's constitutional rights to file bankruptcy in this particular case due to bad faith and more specifically, whether the Court was justified in dismissing debtor's petition for relief under Chapter 7 in this case. Accordingly, the Court believes that the issue presents a very small element of surprise to Appellee. Therefore, the first issue raised in Appellant's brief will be considered.

Appellee also argues that the second issue raised in Appellant's Brief is also waived. Again, the Court finds that the issue of whether the bankruptcy court should have dismissed the proceedings for good cause shown without giving Appellant adequate opportunity to address the evidence raised in the docket entries from 1987-2004 directly addresses and is related to whether the court was justified in dismissing the Petition for relief due to bad faith and therefore, inferable. Moreover, neither of the issues raised in Appellant's Brief require the Court to make an independent findings of fact. Having determined that the issues raised in Appellant's brief are not waived, the Court will address all issues on appeal in turn.

**A. Adjourned Meeting of Creditors**

Appellant asserts that the Bankruptcy court erred in "finding that he missed his 341 Hearing in November without proper justification."[3] (Statement of Issues Jan. 13, 2006). However, the record shows that although the issue of whether Appellant was excused from

---

[3] Appellant is specifically referencing attendance of the Section 341 Meeting of Adjourned Creditors held on November 23, 2005 entered as docket entry #28. (Title 11 U.S.C. § 343, dictates that the debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor).

attending the meeting was raised and briefly discussed, the Bankruptcy court made no determination with respect to whether Appellant's absence was justified. (Hearing Transcript at 4-6). The court made no ruling on the matter. Therefore, Appellant's assertion regarding this matter is moot.

### B. Consideration of Appellant's Filing History

Additionally, Appellant argues that the Bankruptcy court erred in allowing the introduction of matter not cited in the interim trustee's notice to show cause as evidence in the hearing. In his Brief, Appellant specifically argues that only the issue of the filing fee installments and his attendance at the adjourned meeting of creditors was squarely before the court on the Notice to Show Cause hearing. Therefore, Appellant argues, given that he belatedly paid the final installment on the filing fee and offered excuses for failing to attend the second adjourned meeting of creditors, the Notice of Show Cause should have been dismissed and no evidence of his prior filings as reflected in the docket entries from 1987 to 2004 should have been introduced. However, Bankruptcy courts are authorized under U.S.C. §105 (a) and 11U.S.C. § 349(a) to dismiss a cause if necessary to prevent abuse of the bankruptcy process. *See Jolly v. Great Western Bank (in re Jolly)*, 143 B.R. 383, 386 (Bankr. E.D. Va. 1992) (holding that the bankruptcy court has the authority to enforce debtor's duty of good faith in filing pursuant to the bankruptcy code). By extension, the court has broad discretion to protect the system from abuse. *Id.* The Notice to Show Cause is just one tool allowing the court to do so. Thus, the hearing on the Notice is not limited to the court's examination of Appellant's failure to make timely fee installments and can consider any evidence of abuse or bad faith. Appellant's history of multiple and successive filings is directly relevant to the question of whether Appellant's most recent

petition for relief was done in bad faith and whether Appellant has abused the process. Appellant's filing history demonstrates a clear pattern of petitioning for relief while failing to repeatedly fulfill obligations to the court and creditors and therefore, supports the bankruptcy court's finding that Appellant's petition in the instant case was filed in bad faith.

The Bankruptcy court's determinations turned on findings of fact. This Court applies the clearly erroneous standard. *See Travelers Ins. Co.,* 961 F.2d at 499; *see also In re Jolley,* 143 B.R. 383, 385 (E.D. Va 1992) (citing Fed. R. Bankr. P. 8013) (holding that "[f]actual findings of the bankruptcy court will not be set aside unless they are clearly erroneous, and 'due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.'"). The evidence regarding Appellant's prior filings and his failures to fulfill his obligations are undisputed. Upon the Bankruptcy court's examination of Appellant's history and consideration of Appellant's testimony regarding his previous filings and his failure to make the filing fee installments in the present case, the court was satisfied that it was appropriate to dismiss Appellant's petition and bar him from refiling for 365 days from the date of the court's Order. The Bankruptcy court's determination was well within its discretion.

**C. Appellant's Opportunity to Address Evidence in Docket Entries**

Appellant next argues that the Bankruptcy court had no good cause to dismiss his case without giving him sufficient opportunity to address the evidence raised in the docket reports from 1987-2004 reflecting his prior filings. Appellant argues particularly, that the "best evidence" of his past cases is his own testimony, not the docket entries.[4] However, the record

---

[4]The Court notes that Appellant seems to have raised an issue of whether the Bankruptcy court made an error in applying the Rules of evidence. However, Appellant failed to articulate the specific violation and the Court has discovered no such erroneous admissions in its review.

clearly shows that Appellant testified extensively regarding his previous eleven filings. Appellant explained that he supported his family including his father who had a brain tumor, as well as his mother and his brothers and sisters. (Hearing Transcript at 10-11). Among his other explanations, Appellant also stated that the previous filings resulted from a combination of tax problems, obligations to his family and "very bad legal advice in initial filings." (Hearing Transcript at 11). The Bankruptcy court found Appellant's testimony unpersuasive. Therefore, Appellant's assertion that he was not given the opportunity to address evidence in the docket entries is simply not supported by the record.

### D. Constitutional Violation

Finally, Appellant raises the issues whether the court violated his constitutional rights to file bankruptcy in this case based on his bad faith. This assertion lacks merit. The Court agrees with Appellee that the right to file bankruptcy is not a constitutionally protected interest. *See In re Watson,* 332 B.R. 740 (Bankr. E.D. Va. 2005)(discussing *United States v. Kras*, 409 U.S. 434, 445)). Moreover, as mentioned, the court has the authority to bar debtors from filing Petitions for relief if necessary to prevent abuse of the bankruptcy process. *See Jolly v. Great Western Bank*, 143 B.R. at 386. The court found that Appellant was proceeding in bad faith and enjoined him from filing to prevent any further abuse of the process. Therefore, the Court finds there are no cognizable constitutional claims in this case.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the Bankruptcy court made no errors of law or errors in its findings of facts in this case. The Court also finds that the Bankruptcy court did not abuse its discretion in dismissing Appellant's case with prejudice and enjoining

Appellant from filing another case under any chapter of the United States Bankruptcy Code for 365 days from the date of the Order.  Accordingly, the Bankruptcy Court's decision is **AFFIRMED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to Appellant and Appellee.

**IT IS SO ORDERED.**

                                          /s/
                              RAYMOND A. JACKSON
                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 12, 2006